UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO T. SIMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-01755-WTL-MJD |
| | ) |
| KEITH BUTTS, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Antonio Sims for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCP 14-08-0057. For the reasons explained in this Entry, Mr. Sims' habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

**B.     The Disciplinary Proceeding**

On August 19, 2014, Dr. Dwenger, Lead Psychologist at New Castle Psychiatric Facility, wrote a Conduct Report charging Mr. Sims with committing the Class B offense of threatening. The conduct report states:

> On 8/18/2014 at 3:35pm this writer was having an individual session with offender, Sims, Antonio #120616 in the dayroom of the 100 range. When discussing a possible transfer, Mr. Sims stated he had "earned" an early release. When informed she was not in charge of this and he would be required to think of another facility to transition to, he stated "I will kill somebody if you send me anywhere else I am just going to kill someone then." He became argumentative and disrespectful to this writer and the session was ended.

Dkt. No. 9-1 at 1.

On August 21, 2014, Mr. Sims was notified of the charge when he received the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Mr. Sims pleaded not guilty to the charge and waived the twenty-four hour notice requirement. He requested and received a lay advocate.

A hearing officer conducted a disciplinary hearing on August 21, 2014. Mr. Sims told the hearing officer that he "did not threaten anyone," and he submitted a written statement in which he gave his version of the conversation between himself and Dr. Dwenger on August 19, 2014. Based on the conduct report and Mr. Sims' statement, the hearing officer found Mr. Sims guilty. The hearing officer recommended and approved the following sanctions: 30-day loss of privileges and a suspended 90-day earned time credit deprivation. The suspended earned time credit deprivation was eventually imposed on February 20, 2015, when Mr. Sims was convicted in another disciplinary matter.

Mr. Sims appealed to the Facility Head, and his appeal was denied. The parties agree that this fully exhausted Mr. Sims' available administrative appeals.

    **C.**    **Analysis**

Mr. Sims contends that his due process rights were violated during his disciplinary hearing in two ways: (1) the "some evidence" standard was not met because a charge of Class B threatening requires the threat to be directed at a specific person and there was no evidence that his threat was; and (2) Indiana Department of Correction ("IDOC") Guidelines require inmates to be informed in writing of the limits of confidentiality, which he was not, so Dr. Dwenger's statements in the Conduct Report should not have been admitted at the disciplinary hearing.

Neither of Mr. Sims' challenges are meritorious. Turning first to his evidentiary challenge, the "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). As relevant here, Class B threatening requires that an inmate "communicat[e] to another person a plan to physically harm . . . that person or someone else." Dkt. No. 9-8 at 1.

In concluding that Mr. Sims was guilty of Class B threatening, the hearing officer relied on Dr. Dwenger's Conduct Report, which set forth Mr. Sims' statements that if transferred he "will kill somebody," and similarly, "if you send me anywhere else I am just going to kill someone then." Dkt. No. 9-1 at 1. This evidence is clearly sufficient to conclude that Mr. Sims engaged in Class B threatening, as he communicated to another person a plan to "physically harm . . . someone else." Dkt. No. 9-8 at 1. Mr. Sims argues that the threat needed to be directed at a specific individual to constitute a threat, but the plain language of Class B threatening does not require that the "someone else" be a specifically identified person. Instead, it simply requires the charged

individual to communicate a threat to physically harm someone else, which Mr. Sims' statement to Dr. Dwenger certainly did.

Mr. Sims resists this conclusion by asserting that an IDOC policy requires an employee who reports a threat to name a specific person who has been threatened in the Conduct Report. Whether or not this policy exists and requires this, the violation of it—assuming there was one—is not a basis for habeas relief. Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review.").

Mr. Sims' second claim is also based on violations of prison guidelines and is thus similarly meritless. Mr. Sims argues that prison policy requires inmates to receive written notice that there are limits on confidentiality between inmates and their doctors. This policy was violated, says Mr. Sims, and thus Dr. Dwenger's statement in the Conduct Report should not have been admissible

at the disciplinary hearing. This claim must be rejected for the same reasons outlined above—namely, that claims based on violations of prison policy do not provide a basis for federal habeas relief because they are not based on federal law. *See Caffey*, 802 F.3d at 894; *Keller*, 271 Fed. Appx. at 532. Accordingly, Mr. Sims' second claim does not entitled him to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sims to the relief he seeks. Accordingly, Mr. Sims' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/15/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ANTONIO T. SIMS
120616
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically registered counsel